UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IRVIN E. COLEMAN, #1093469,

    Petitioner,

v.                                    Case No. 2:23-cv-676

CHADWICK DOTSON, Director,
Virginia Department of Corrections,

    Respondent.

**MEMORANDUM ORDER**

This matter comes before the court on Petitioner's Motion requesting stay of federal jurisdiction until Petitioner has exhausted his state remedies and requesting "Nonsuit" of his Amended Petition for a Writ of Habeas Corpus, ECF No. 6, (hereinafter "Motion"). ECF No. 32. Petitioner's Motion included no certificate of service or mailing.[1] See id. The Motion is dated February 18, 2025, but was not received by the court until March 5, 2025. Id. For the reasons listed herein, Petitioner's Motion is **DENIED**.

---

[1] Under the prison mailbox rule, documents are considered filed when delivered to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988). Generally, the date of filing is determined by reference to prison mailing logs, see id., or by the date included on the certificate of service or mailing, see United States v. Perry, 595 F. App'x 252, 252 n.1 (4th Cir. 2015); Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022). Neither prison logs nor a certificate of mailing were provided here.

I.

Petitioner's initial Petition for Writ of Habeas Corpus was received by the court on December 21, 2023, filed subject to defect. ECF No. 1. On January 2, 2024, this matter was referred to Magistrate Judge Lawerence R. Leonard for further proceedings. ECF No. 3. On March 21, 2024, Petitioner filed an Amended Petition for Writ of Habeas Corpus, which corrected the defect.[2] ECF No. 6. On July 12, 2024, the Magistrate Judge ordered the United States to respond within thirty (30) days. ECF No. 11. The United States filed its Motion to Dismiss and Rule 5 Answer, as well as a Memorandum in Support, on August 12, 2024. ECF Nos. 14 (Motion to Dismiss), 15 (Memorandum). Petitioner responded on or about October 16, 2024. ECF No. 20.

On January 24, 2025, Magistrate Judge Leonard issued a Report and Recommendation ("R&R") to the court. ECF No. 29. He recommended that the court grant the United States' Motion to Dismiss, ECF No. 14, and deny and dismiss with prejudice the Amended Petition for Writ of Habeas Corpus, ECF No. 6. ECF No. 29 at 12. Magistrate Judge Leonard further recommended that the court deny Petitioner's Motion for Default Judgment, ECF No. 18, Motion to Grant his Petition for a Writ of Habeas Corpus, ECF No. 19, and

---

[2] On January 17, 2025, Magistrate Judge Leonard determined that Petitioner's Amended Petition for Writ of Habeas Corpus was timely. ECF No. 28.

2

Motion for an Evidentiary Hearing, ECF No. 21. <u>Id.</u> at 12. Objections were due within fourteen (14) days of entry and mailing of the R&R. <u>Id.</u> at 14. No objections were filed.

More than five weeks later, on March 4, 2024, the court issued a Final Order adopting and approving the Magistrate Judge's R&R in full. Accordingly, the court granted the United States' Motion to Dismiss, denied and dismissed with prejudice the Amended Petition for a Writ of Habeas Corpus, and denied Petitioner's remaining Motions as listed above. ECF No. 30 at 2-3. While the court's dismissal was based, in part, on Petitioner's failure to exhaust his state court remedies, <u>see</u> ECF No. 29 at 6, the decision was also based on Petitioner's claims not being cognizable on federal habeas review, <u>see</u> <u>id.</u> at 7-11.

The following day, the court received and filed Petitioner's instant Motion. ECF No. 32.³ Therein, Petitioner states that his submission "serves as a letter of 'Notice of my Nonsuit' of my appeal of the Magistrate Judge, Hon Lawrence R. Leonard." <u>Id.</u> Petitioner offers the following reasons for his letter: "1) To exhaust my state remedies within the state court within 90 days and 2) Conditionally, stay my federal jurisdiction until the exhaustion of my state remedies has been completed." <u>Id.</u>

---

³ As previously stated, Petitioner's Motion is dated February 18, 2025, but the court did not receive it until March 5, 2025, and there is no certificate of service or mailing. <u>See</u> <u>supra</u> note 1 and accompanying text.

3

II.

First, to the extent that Petitioner's Motion objects to the R&R, it is not timely. Objections to the Magistrate Judge's R&R were due no later than February 7, 2025, fourteen (14) days after entry and mailing of the R&R to Petitioner. ECF No. 29 at 14. Petitioner failed to include a certificate of service or mailing regarding the instant Motion, rendering the court unable to determine the exact date of filing. However, even if Petitioner is granted the benefit of the date listed on the Motion, February 18, 2025, see ECF No. 32, the Motion remains untimely as an objection to the R&R.

Second, Petitioner identifies his letter as a "Notice of [] Nonsuit." Id. Federal courts construe requests to "nonsuit" as a voluntary dismissal under Federal Rule of Civil Procedure 41. Morris v. GITSIT Sols., LLC, 2024 WL 4836475, at *2 (E.D. Va. Nov. 20, 2024) (citing cases). Petitioner's action has already been dismissed, and therefore, he cannot now voluntarily dismiss his habeas petition under Rule 41.

Third, Petitioner requests that the court stay "federal jurisdiction" to allow him to exhaust his state court remedies. A motion for stay and abeyance is often used where a petitioner presents both exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). Such is not the case here. None of Petitioner's nine (9) claims were properly exhausted. See ECF No.

4

29 at Part III.B.  The district court may also stay a petition while the petitioner exhausts all his claims in state court, allowing the petitioner to avoid any expiration of statute of limitations in federal court, and allowing the petitioner to avoid losing any federal review of his claims.  Id.  "However, 'granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts,' which is 'only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Sparks v. Clarke, 2015 WL 10457211, at *3 (E.D. Va. Nov. 17, 2015), report and recommendation adopted, 2016 WL 1054721 (E.D. Va. Mar. 10, 2016) (citing Rhines, 544 U.S. 269).  Petitioner has not shown good cause for failing to exhaust his state remedies, see ECF No. 29 at 6, and his claims are not cognizable on federal habeas review, see id. at 7-11.

### III.

Petitioner's case has already been dismissed, and a stay will not be entered.  Petitioner has not demonstrated cause for failing to exhaust his claims and for filing an untimely request to do so.  Accordingly, Petitioner's Motion is **DENIED**.

However, because the appeal period for the court's Final Order entered on March 4, 2025, ECF No. 30, continues to run, and because Petitioner's Motion was received during this appeal period, the court will consider Petitioner's Motion to contain a Notice of

Appeal of the Final Order. The Clerk is **DIRECTED** to note the appeal on the docket. Nevertheless, having failed to make a substantial showing of denial of a constitutional right, for the reasons stated herein and in the Final Order, the court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Petitioner and counsel of record for the Respondent.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

March 12, 2025